UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOA VO, | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-cv-00378 |
| | § | |
| ATLANTIC CASUALTY INSURANCE | § | |
| COMPANY, | § | |
|     *Defendant.* | § | |

**DEFENDANT ATLANTIC CASUALTY INSURANCE COMPANY'S
ORIGINAL ANSWER**

TO THE HONORABLE U.S. DISTRICT COURT:

Atlantic Casualty Insurance Company files this answer to Hoa Vo's Original
Complaint and in support respectfully shows the Court the following:

**I.
ATLANTIC CASUALTY'S ANSWER**

For each paragraph below, Atlantic Casualty restates Hoa Vo's allegations and
responds accordingly.

**Parties**

1.   "Plaintiff Hoa Vo resides in Montgomery County, Texas."

*Answer: Atlantic Casualty admits that Hoa Vo is a resident and domiciliary of
Montgomery County, Texas.*

2.   "Defendant, Atlantic Casualty Insurance Company, is a foreign insurance
company, engaged in the business of insurance in the State of Texas. Plaintiff requests
service of citation upon Atlantic Casualty Insurance Company through its registered agent
for service: Angela B. Grady, Vice President Claims, Atlantic Casualty Insurance

Company, 400 Commerce Court, Goldsboro, NC 27534. Plaintiff requests service at this time."

*Answer: Atlantic Casualty admits that it is a surplus lines insurance company formed under North Carolina law and that it issues insurance policies in Texas through a managing general agent. Atlantic Casualty further admits that service of process may be made upon Angela B. Grady. Atlantic Casualty denies any remaining allegation.*

### Jurisdiction and Venue

3. "Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332(a)(1), as there is complete diversity of citizenship between the parties and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interests and costs."

*Answer: Atlantic Casualty admits that the Court has jurisdiction over this dispute.*

4. "Venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district, and/or substantial part of property that is the subject of this action is situated here."

*Answer: Atlantic Casualty admits that venue is proper in this Court because the Property and the events giving rise to this lawsuit occurred in Montgomery County, Texas.*

5. "This Court has personal jurisdiction over Defendant because Defendant has continuous and systematic business activities in Texas and this judicial district. Upon information and belief, Defendant's business activities include, among other things, executing contracts of insurance with various Texas based entities and consumers."

*Answer: Atlantic Casualty admits that it issues insurance policies in Texas through a managing general agent and that it issued an insurance policy to Hoa Vo.*

**Facts**

6.   "Plaintiff asserts claims for breach of contract, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA."

*Answer: Atlantic Casualty admits that Hoa Vo asserts claims for breach of contract, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA. Atlantic Casualty denies those claims are valid.*

7.   "Plaintiff owned an Atlantic Casualty Insurance Company insurance policy number M141000889-0 ("the Policy"). At all relevant times, Plaintiff owned the insured premises located at 110 Kelly Road, Magnolia, Texas 77354 ("the Property") operated as a spa."

*Answer: Atlantic Casualty admits that it issued Policy M141000889-0 effective 5/22/2020 to 5/22/2021 to Hoa Vo.  Atlantic Casualty lacks sufficient information to admit or deny whether Hoa Vo owned the Property at all relevant times.*

8.   "Atlantic Casualty Insurance Company or its agent sold the Policy, insuring the Property to Plaintiff. Atlantic Casualty Insurance Company represented to Plaintiff that the Policy included freezing pipe associated damage to Plaintiff's property. During the policy period from May 22, 2020 to May 22, 2021, a severe freeze occurred in the Montgomery County, Texas area causing pipes to freeze and ensuring water intrusion into the property."

*Answer: Atlantic Casualty admits that it issued the Policy to Hoa Vo and that the Policy schedules the Property as insured property. Atlantic Casualty admits that the Policy contains forms regarding property damage coverage. Atlantic Casualty denies any remaining allegation.*

9.   "In the aftermath of the freeze, Plaintiff submitted a Claim to Atlantic Casualty Insurance Company against the Policy for damage to the Property, through its agent."

*Answer: Atlantic Casualty denies that Hoa Vo submitted an insurance claim for alleged freeze damage to the Property that allegedly occurred on or about February 16, 2021.*

10.    "Plaintiff asked Atlantic to cover the cost of damage to the Property pursuant to the Policy."

*Answer: Atlantic Casualty denies that Hoa Vo submitted an insurance claim for alleged freeze damage to the Property that allegedly occurred on or about February 16, 2021.*

11.    "Despite repeated request to open a claim for damages related to the freeze, Atlantic Casualty Insurance Company refused to open a claim for this loss, much less investigate this loss."

*Answer: Atlantic Casualty denies that it refused to open a claim for this loss or investigate the alleged loss.*

12. "Atlantic has ultimately refused to investigate or provide coverage for the loss which includes, but is not limited to, extensive and obvious freeze related damage to the interior of Plaintiff's property including the waiting room, reception area, storage room, nail room, mani/pedi room, fitting room, massage room hallway, patio spa, hallway, bathroom, hair salon, patio spa storage room, wash room, alcove, shower, guest room, massage room 6, loft, loft alcove, landing, bathroom storage, stairs, green room, storage area/room, green room storage, beige room, and beige room extension."

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

13.   "The damage to Plaintiff's Property is currently estimated at $140,004.80."

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

14.   "As stated above, Atlantic improperly and unreasonably failed to adjust Plaintiff's Claim. Without limitation, Atlantic misrepresented the cause of, scope of, and cost to

repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's Claim or loss under the Policy."

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

15. "Atlantic made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Atlantic and made these false representations with the intent that Plaintiff acts in accordance with the misrepresentations regarding the grossly deficient damage and repair estimated prepared by."

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

16. "Atlantic failed to assesses the Claim thoroughly. Based upon Atlantic's adjuster's grossly unreasonable, intentional, and reckless failure to investigate the Claim properly prior to underpaying coverage, Atlantic failed to provide coverage due under the Policy, and Plaintiff suffered damages."

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

17. "Because Atlantic and failed to provide coverage for Plaintiff's insurance Claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property."

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

18. "Furthermore, Atlantic failed to perform their contractual duties to Plaintiff under the terms of the Policy. Specifically, Atlantic failed to conduct an investigation into a reported claim."

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

19. "Atlantic's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas

Insurance Code. Thus, the breach of statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff."

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

20. "Atlantic's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Atlantic and have failed to settle Plaintiff's Claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, Atlantic has failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy."

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

21. "Atlantic's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Atlantic failed to provide Plaintiff a reasonable explanation for underpayment of the Claim."

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

22. "Additionally, after Atlantic received statutory demand on or about July 28, 2021, Atlantic has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's Claim properly."

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

23. "Atlantic's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claim. TEX. INS. CODE §541.060(a)(4). Atlantic performed a biased and intentionally substandard inspection designed to allow Atlantic to refuse to provide full coverage to Plaintiff under the Policy."

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

24.  "Atlantic's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claim. TEX. INS. CODE §542.055. Due to Atlantic's subpar inspection, Atlantic failed to reasonably accept or deny Plaintiff's full and entire Claim within the statutorily mandated time after receiving all necessary information."

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

25.  "Atlantic's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Atlantic's intentional undervaluation of Plaintiff's Claim, Atlantic failed to meet its obligations under the Texas Insurance Code regarding timely payment of the Claim.

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

26.  "Atlantic's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and allow firm representing him with respect to these causes of action"

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

## CAUSES OF ACTION AGAINST DEFENDANT
## ATLANTIC CASUALTY INSURANCE COMPANY

27. "All paragraphs from the fact section of this petition are hereby incorporated into this section."

*Answer: This paragraph does not contain an allegation which must be admitted, denied, or otherwise responded to.*

### Breach of Contract

28.  "Atlantic is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Atlantic and Plaintiff."

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

29.  "Atlantic's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Atlantic's insurance contract with Plaintiff."

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

### Noncompliance with the Texas Insurance Code:
### Unfair Settlement Practices

30.  "All allegations above are incorporated herein."

*Answer: This paragraph does not contain an allegation which must be admitted, denied, or otherwise responded to.*

31.  "Atlantic's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151."

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

32.  "Atlantic's unfair settlement practice of misrepresenting to Plaintiff material facts relating to the coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1)."

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

33.  "Atlantic's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the Claim, even though Atlantic's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A)."

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

34. "Atlantic's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law,

for underpayment and denial of the Claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3)."

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

35. "Atlantic's unfair settlement practice of refusing to pay Plaintiff's full Claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7)."

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

## Noncompliance with the Texas Insurance Code:

## The Prompt Payment of Claims

36. "Atlantic's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060."

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

37. "Atlantic's delay in paying Plaintiff's Claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the Claim. TEX. INS. CODE §542.058."

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

## Breach of The Duty of Good Faith and Fair Dealing

38. "Atlantic's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts."

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

39.   "Atlantic's failure to adequately and reasonably investigate and evaluate Plaintiff's Claim, even though Atlantic knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing."

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

### DTPA Violations

40. "Atlantic's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41-63. Plaintiff is a consumer of goods and services provided by Atlantic pursuant to the DTPA. Plaintiff has met all conditions precedent to bring this cause of action against Atlantic. Specifically, Atlantic's violations of the DTPA include, without limitation, the following matters:

A.  By its acts, omissions, failures, and conduct, Atlantic Casualty has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Atlantic Casualty's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.  Atlantic represented to Plaintiff that the Policy and Atlantic's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.  Atlantic represented to Plaintiff that Atlantic's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. Atlantic advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E. Atlantic breached an express warranty that the damages caused by water would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F. Atlantic's actions are unconscionable in that Atlantic took advantage of Plaintiffs lack of knowledge, ability, and experience to a grossly unfair degree. Atlantic's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G. Atlantic's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA."

*Answer: Atlantic Casualty denies the allegations in this paragraph and its subparts.*

41. "Each of the above-described acts, omissions, and failures of Atlantic is a producing cause of Plaintiff's damages. All of Atlantic's acts, omissions, and failures were committed 'knowingly' and 'intentionally,' as defined by the Texas Deceptive Trade Practices Act."

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

**Knowledge**

42. "Defendant made each of the acts described above, together and singularly, 'knowingly,' as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein."

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

**Waiver and Estoppel**

43. "Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff."

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

**Damages**

44. "The damages caused to the Property have not been properly addressed or repaired since the Claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff. These damages are a direct result of the Defendant's mishandling of the Plaintiff's claims in violation of the laws set forth above."

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

45. "Plaintiff currently estimates that actual damages to the Property under the Policy are $140.004.80."

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

46. "Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above-described acts, omissions, failures, and conduct of Defendant have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred."

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

47. "For breach of contract, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of their Claim, consequential damages, together with attorney's fees."

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

48. "For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times their actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b)(1)."

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

49. "For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claims, plus an eighteen percent (18%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060."

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

50. "For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Atlantic owed, exemplary damages, and damages for emotional distress."

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

51. "Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to

punish Defendant for their wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future."

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

52.  "For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or Supreme Court of Texas."

*Answer: Atlantic Casualty denies the allegations in this paragraph.*

### Jury Demand

53.  "Plaintiff hereby requests a jury trial for all causes of action alleged herein."

*Answer: This paragraph does not contain any allegation that requires an admission or denial from Atlantic Casualty.*

*Any allegation in Hoa Vo's Original Complaint that Atlantic Casualty has not denied, admitted, or otherwise explained is hereby denied.*

## II.
## ATLANTIC CASUALTY'S AFFIRMATIVE DEFENSES

In addition to its answers above, Atlantic Casualty asserts the following affirmative defenses. Atlantic Casualty reserves the right to plead additional affirmative defenses as may be warranted. Any defense asserted below is pleaded in the alternative under the law, as necessary or appropriate. Under Federal Rule of Civil Procedure 10(c), Atlantic Casualty

adopts by reference and fully incorporates for all purposes all coverage defenses asserted in its pleadings or motions.

1. *Preexisting damage.* Hoa Vo's reported damage is not covered because it commenced before the Policy went into effect on May 22, 2020:

**COMMERCIAL PROPERTY CONDITIONS**

This Coverage Part is subject to the following conditions, the Common Policy Condition and applicable Loss Conditions and Additional Conditions in Commercial Property Coverage Forms.

…

H.  POLICY PERIOD, COVERAGE TERRITORY

Under this Coverage Part:

1. We cover loss or damage commencing:
   a.  During the policy period shown in the Declarations and
   b.  Within the coverage territory.
2. The coverage territory is:
   a.  The United States of America (including its territories and possessions);
   b.  Puerto Rico; and
   c.  Canada.

CP 00 90 07 88

2. *Any direct physical loss is excluded.* Hoa Vo reported damage that did not result from a covered cause of loss:

**CAUSES OF LOSS – SPECIAL FORM**

A.  Covered Causes Of Loss

When Special is shown in the Declarations, Covered Causes of Loss means direct physical loss unless the loss is excluded or limited in this policy.

B.  Exclusions

1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.
   …
   h.  "Fungus", Wet Rot, Dry Rot And Bacteria

Presence, growth, proliferation, spread or any activity of "fungus", wet or dry rot or bacteria.

But if "fungus", wet or dry rot or bacteria result in a "specified cause of loss", we will pay for the loss or damage caused by that "specified cause of loss".

This exclusion does not apply:

(1) When "fungus", wet or dry rot or bacteria result from fire or lightning; or

(2) To the extent that coverage is provided in the Additional Coverage, Limited Coverage For "Fungus", Wet Rot, Dry Rot And Bacteria, with respect to loss or damage by a cause of loss other than fire or lightning.

Exclusions B.1.a. through B.1.h. apply whether or not the loss event results in widespread damage or affects a substantial area.

2.  We will not pay for loss or damage caused by or resulting from any of the following:

    …

    d.  (1) Wear and tear;

        (2) Rust of other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

        …

        (4) Settling, cracking, shrinking or expansion;

        …

        But if an excluded cause of loss that is listed in 2.d.(1) through (7) results in a "specified cause of loss" or building glass breakage, we will pay for the loss or damage caused by that "specified cause of loss" or building glass breakage.

        …

    f.  Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

    g.  Water, other liquids, powder or molten material that leaks or flows from plumbing, heating, air conditioning or other equipment (except fire protective systems) caused by or resulting from freezing, unless:

        (1) You do your best to maintain heat in the building or structure; or

        (2) You drain the equipment and hut off the supply if the heat is not maintained.

    …

    m. Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

3. We will not pay for loss or damage caused by or resulting from any of the following, 3.a. through 3.c. But if an excluded cause of loss that is listed in 3.a. through 3.c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

    a. Weather conditions. But this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in Paragraph 1. above to produce the loss or damage.

    …

    c. Faulty, inadequate or defective:

        …

        (2) Design, specifications, workmanship, repair, construction, renovation, re-modeling, grading, compaction;

        (3) Materials used in repair, construction, renovation or remodeling; or

        (4) Maintenance;

        of part or all of any property on or off the described premises.

        …

C. Limitations

The following limitations apply to all policy forms and endorsements, unless otherwise stated:

1. We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

    …

    c. The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

        (1) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or

        (2) The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

CP 10 30 10 12

## MOLD, FUNGUS, BACTERIA OR ORGANIC
## PATHOGEN EXCLUSION – PROPERTY

This endorsement modifies insurance provided under the following:

Building and Personal Property Coverage Form

Causes of Loss – Basic Form

Causes of Loss – Broad Form

Causes of Loss – Special Form

The following sections of your policy(ies) are deleted:

On the CP 00 10, A. Coverage, 4. Additional Coverages, d. Pollutant Clean-up Removal;

On the CP 1010, C. Additional Coverage – Limited Coverage for "Fungus", Wet Rot, Dry Rot And Bacteria;

On the CP 1020, D. Additional Coverage – Limited Coverage for "Fungus", Wet Rot, Dry Rot And Bacteria; and

On the CP 1030, E. Additional Coverage – Limited Coverage for "Fungus", Wet Rot, Dry Rot And Bacteria;

We will not pay for loss or damage:

1. to direct physical loss of or damage to Covered Property;

2. to your expenses to remove debris of Covered Property;

3. to any actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration";

4. to any extra expense you incur during the "period of restoration";

5. to damages for the devaluations of property or for the taking, use or acquisition of interference with the rights of others in property or air space;

6. to any loss, cost or expense, including but not limited to fines and penalties, arising out of any governmental direction or request, or any private party or citizen action, that an insured test for, monitor, clean up, remove, contain, treat, detoxify or neutralize "organic pathogen"; or

7. to any litigation or administration procedure in which an insured may be involved as a party;

arising directly, indirectly, or in concurrence, or in any sequence out of actual, alleged or threatened existence, discharge, dispersal, release or escape of "organic pathogen", whether or not such actual, alleged or threatened existence, discharge, dispersal, release or escape is sudden, accidental or gradual in nature.

"Organic pathogen" means any organic irritant or contaminant, including but not limited to mold, "fungus", bacteria or virus, including but not limited to their byproducts such as mycotoxin, mildew, or biogenic aerosol.

CPMOLD 12 14

3.   *Conditions.* Hoa Vo's claims are barred because Hoa Vo has failed to satisfy all conditions precedent to filing suit against Atlantic Casualty:

### COMMERCIAL PROPERTY CONDITIONS

This Coverage Part is subject to the following conditions, the Common Policy Conditions and applicable Loss Conditions and Additional Conditions in Commercial Property Coverage Form.

…

D.  LEGAL ACTION AGAINST US

No one may bring a legal action against us under this Coverage Part unless:

1.  There has been full compliance with all of the terms of this Coverage Part; and

2.  The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

CP 00 90 07 88

4.   *No assignment of benefits.* The Policy does not permit and voids any assignment of benefits by Hoa Vo:

### ASSIGNMENT OF BENEFITS EXCLUSION

No benefits under this policy may be assigned or otherwise transferred, regardless of whether made before loss or after loss, and any such assignment or transfer is void.

No causes of action arising from or based on this policy may be assigned, and any such assignment is void.

ACI-AOBE 12 17

5.   *No allocation.* Hoa Vo bears the burden to allocate between covered and noncovered damages but has failed to do so yet.

6.   *Bona fide dispute.* Atlantic Casualty pleads that there is a bona fide dispute regarding liability on the contract and, therefore, there are no common-law or statutory bad-faith claims.

7.   *Offset.* Atlantic Casualty pleads that any recovery by Plaintiff be offset by the amount previously paid to Plaintiff in the amount of $26,320.14.  Atlantic Casualty pleads payment.

8.   *Contributory Negligence.* Plaintiff sent this claim to the wrong insurer at the outset of the claim process. Therefore, Plaintiff did not satisfy the conditions of the Policy.

### III.
### CONCLUSION

For these reasons, Atlantic Casualty respectfully requests that the Court dismiss Hoa Vo's claims against Atlantic Casualty with prejudice and award Atlantic Casualty all relief at law or in equity to which it may be entitled.

Respectfully submitted.

SAVRICK, SCHUMANN, JOHNSON,
McGARR, KAMINSKI & SHIRLEY, LLP

Camille Johnson, attorney-in-charge
State Bar No. 10686600
S.D. Bar No. 16414
Francesca A. Di Troia
State Bar No. 24097596
S.D. Bar No. 3278381
4621 Ross Avenue, Suite 300
Dallas, Texas 75204
Tel: (214) 368-1515
Fax: (214) 292-9647
camille@ssjmlaw.com
francesca@ssjmlaw.com
**Counsel for Defendant Atlantic Casualty**
**Insurance Company**

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing on May 13, 2022 with the Clerk of Court via the CM/ECF System, which will send notification to all counsel of record.

Chad T. Wilson
Jay Scott Simon
CHAD T. WILSON LAW FIRM, PLLC
455 E. Medical Center Blvd., Suite 555
Webster, Texas 77598
**Counsel for Plaintiff Hoa Vo**

Francesca A. Di Troia